5  UNITED STATES DISTRICT COURT
6  EASTERN DISTRICT OF WASHINGTON

7  BRADFORD P. GOODMAN and
   PETER W. GOODMAN,                    NO. 2:17-CV-0010-TOR
8
                 Plaintiffs,
9                                       ORDER DISMISSING COMPLAINT
         v.
10

11 HEAT AND FROST
   INSULATORS AND ALLIED
12 WORKERS LOCAL 82, et al.,

13               Defendants.

14       BEFORE THE COURT is Plaintiffs' Response to Third Order to Show

15 Cause. ECF No. 29. This matter was submitted for consideration without oral

16 argument. The Court has reviewed the record and files herein, and is fully

17 informed. For the reasons discussed below, Plaintiffs' Complaint (ECF No. 1) is

18 **DISMISSED**.

19 //

20 //

ORDER DISMISSING COMPLAINT ~ 1

**BACKGROUND**

On January 6, 2017, Plaintiffs' filed this Complaint, but failed to show that Defendants were served with Summonses and a copy of the Complaint. As a result, on June 12, 2017, the Court issued an Order to Show Cause directing Plaintiffs to demonstrate on or before June 26, 2017, why this matter should not be dismissed for failure to properly serve Defendants. ECF No. 9; *see also* Fed. R. Civ. P. 4(m).

Plaintiffs did not respond to the Order to Show Cause nor file proof of service showing Defendants had been properly served with Summonses and the Complaint. Thus, on July 6, 2017, the Court dismissed this action without prejudice. ECF No. 10.

Plaintiffs then moved the Court to vacate the dismissal order, explaining that they did not timely receive their mail. *See* ECF Nos. 11–12. Although Plaintiffs' filing (*see* ECF No. 11) titled "Concerning Documents 9 & 10 from The Court Order to Show Cause Order of Dismissal Without Prejudice," purported to respond to the Court's Order to Show Cause (*see* ECF No. 9), Plaintiffs did not show proper service nor did they show good cause for additional time to do so.

Nevertheless, the Court liberally construed that filing and Plaintiffs' "Summary version of Argument to Reconsider Order to Dismiss Without Prejudice" as Federal Rule of Civil Procedure 60(b) Motions to Reconsider and

Vacate the Order of Dismissal. ECF Nos. 11–12. On August 4, 2017, the Court granted Plaintiffs' construed Fed. R. Civ. P. 60(b) Motions to Reconsider and Vacate Order of Dismissal and re-opened the case. ECF No. 14. The Court extended the time for Plaintiffs to respond to the Court's Order to Show Cause (ECF No. 9) why Plaintiffs have not served Defendants with the Summonses and Complaint pursuant to Fed. R. Civ. P. 4(m). Plaintiffs were ordered to file their response by September 5, 2017. ECF No. 14.

On August 9, 2017, Plaintiffs filed a Notice of Appeal to the Ninth Circuit Court of Appeals, depriving this Court of jurisdiction to proceed. ECF No. 15. On September 7, 2017, the Ninth Circuit dismissed the appeal by Order and Mandate. ECF No. 26. That Order and Mandate returned jurisdiction back to this Court.

On November 27, 2017, the Court ordered Plaintiffs again to show cause by December 29, 2017, why this matter should not be dismissed for failure to properly serve Defendants. ECF No. 28. On December 6, 2017, Plaintiffs responded to the Third Order to Show Cause. ECF No. 29. Plaintiffs contend that they sent the Summonses to Defendants by mail with confirmed delivery on October 25 and 26, 2017. *Id.* at 1. Plaintiffs also assert that they emailed the Summonses on October 26, 2017 to the three Defendants. *Id.* Plaintiffs ask the Court what they have not done to fulfill the Second Order to Show Cause. *Id.*

//

## DISCUSSION

Under Federal Rule of Civil Procedure 4(d), a plaintiff may notify a defendant that an action has commenced and request that the defendant waive service of a summons. Fed. R. Civ. P. 4(d)(1). If a defendant fails to sign and return the waiver within 30 days, the plaintiff must serve the defendant. Fed. R. Civ. P. 4(d)(1)(F).

A plaintiff may serve a defendant within the United States by following state law procedures, delivering a copy to the individual personally, or leaving a copy at the individual's dwelling place with someone of suitable age and discretion who resides there. Fed. R. Civ. P. 4(e); *see also* Fed. R. Civ. P. 4(h) (for serving a corporation, partnership, or association). Unless service is waived by the defendant, a plaintiff must provide proof of service to the court through an affidavit. Fed. R. Civ. P. 4(l)(1).

A plaintiff is responsible for serving the summons and complaint within 90 days after the complaint is filed. Fed. R. Civ. P. 4(c)(1) and (m). If a plaintiff shows good cause why he or she failed to serve the summons within 90 days, then the court must extend the time for service. *Id.*

Here, Plaintiffs have not shown good cause why they waited over 9 months to attempt to serve Defendants rather than the required 90 days. To allow such a delay in service, Plaintiffs must show good cause. This they have not done. Nor

have Plaintiffs actually served Defendants properly. If Defendants fail to return a written waiver of service within 30 days, personal service must be performed. The Court emphasizes that it is not sufficient merely to show that Plaintiffs had the Summonses mailed or emailed to Defendants supposed addresses. ECF No. 29; *see also* Fed. R. Civ. P. 4(e).

Plaintiffs have failed to show good cause for the delay and the Court therefore dismisses Plaintiffs' Complaint without prejudice, for failure to timely serve.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

Plaintiffs' Complaint (ECF No. 1) is **DISMISSED without prejudice**.

The District Court Executive is directed to enter this Order, furnish copies to Plaintiffs, and **CLOSE** the file.

**DATED** January 2, 2018.



THOMAS O. RICE
Chief United States District Judge