UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BRADFORD P. GOODMAN and PETER W. GOODMAN,<br><br>Plaintiffs,<br><br>v.<br><br>HEAT AND FROST INSULATORS AND ALLIED WORKERS LOCAL 82, et al.,<br><br>Defendants. | NO. 2:17-CV-0010-TOR<br><br>ORDER DENYING MOTION TO RECONSIDER |

BEFORE THE COURT is Plaintiffs' Motion to Reconsider. ECF No. 32. This matter was submitted for consideration without oral argument. The Court has reviewed the record and files herein, and is fully informed. For the reasons discussed below, Plaintiffs' Motion to Reconsider (ECF No. 32) is **DENIED**.

**BACKGROUND**

On January 6, 2017, Plaintiffs' filed this Complaint, but failed to show that Defendants were served with Summonses and a copy of the Complaint. As a

ORDER DENYING MOTION TO RECONSIDER ~ 1

result, on June 12, 2017, the Court issued an Order to Show Cause directing Plaintiffs to demonstrate on or before June 26, 2017, why this matter should not be dismissed for failure to properly serve Defendants. ECF No. 9; *see also* Fed. R. Civ. P. 4(m).

Plaintiffs did not respond to the Order to Show Cause nor file proof of service showing Defendants had been properly served with Summonses and the Complaint. Thus, on July 6, 2017, the Court dismissed this action without prejudice. ECF No. 10.

Plaintiffs then moved the Court to vacate the dismissal order, explaining that they did not timely receive their mail. *See* ECF Nos. 11–12. Although Plaintiffs' filing (*see* ECF No. 11) titled "Concerning Documents 9 & 10 from The Court Order to Show Cause Order of Dismissal Without Prejudice," purported to respond to the Court's Order to Show Cause (*see* ECF No. 9), Plaintiffs did not show proper service nor did they show good cause for additional time to do so.

Nevertheless, the Court liberally construed that filing and Plaintiffs' "Summary version of Argument to Reconsider Order to Dismiss Without Prejudice" as Federal Rule of Civil Procedure 60(b) Motions to Reconsider and Vacate the Order of Dismissal. ECF Nos. 11–12. On August 4, 2017, the Court granted Plaintiffs' construed Fed. R. Civ. P. 60(b) Motions to Reconsider and Vacate Order of Dismissal and re-opened the case. ECF No. 14. The Court

extended the time for Plaintiffs to respond to the Court's Order to Show Cause (ECF No. 9) why Plaintiffs have not served Defendants with the Summonses and Complaint pursuant to Federal Rule of Civil Procedure 4(m). Plaintiffs were ordered to file their response by September 5, 2017. ECF No. 14.

On August 9, 2017, Plaintiffs filed a Notice of Appeal to the Ninth Circuit Court of Appeals, depriving this Court of jurisdiction to proceed. ECF No. 15. On September 7, 2017, the Ninth Circuit dismissed the appeal by Order and Mandate. ECF No. 26. That Order and Mandate returned jurisdiction back to this Court.

On November 27, 2017, the Court ordered Plaintiffs again to show cause by December 29, 2017, why this matter should not be dismissed for failure to properly serve Defendants. ECF No. 28. On December 6, 2017, Plaintiffs responded to the Third Order to Show Cause. ECF No. 29. Plaintiffs contend that they sent the Summonses to Defendants by mail with confirmed delivery on October 25 and 26, 2017. *Id.* at 1. Plaintiffs also assert that they emailed the Summonses on October 26, 2017 to the three Defendants. *Id.* Plaintiffs ask the Court what they have not done to fulfill the Second Order to Show Cause. *Id.*

On January 2, 2018, the Court dismissed Plaintiffs' Complaint without prejudice, explaining the requirements of Federal Rule of Civil Procedure 4(d). ECF No. 30. The Court found that Plaintiffs failed to show good cause why they waited 9 months to attempt to serve Defendants. *Id.* at 4.

In the instant motion, Plaintiffs request the Court reconsider its dismissal, arguing that they served the Defendants. ECF No. 32.

**DISCUSSION**

Contrary to Plaintiffs' assertion, Plaintiffs have failed to properly serve Defendants according to Federal Rule of Civil Procedure 4(b). *See* ECF No. 32 at 1. A plaintiff must serve a defendant by following state law procedure, delivering a copy to the individual personally, or leaving a copy at the individual's dwelling place with someone of suitable age and discretion who resides there. Fed. R. Civ. P. 4(e); *see also* Fed. R. Civ. P. 4(h) (for serving a corporation, partnership, or association). Merely mailing a summons and complaint to a defendant is not sufficient to satisfy this rule.

Plaintiffs have failed to show good cause for not serving Defendants within 90 days after filing the complaint. Fed. R. Civ. P. 4(c)(1) and (m). The Court cannot extend time for service if a plaintiff fails to show good cause. *Id.* The Court recognizes Plaintiffs' frustration that the case did not reach the merits and that they are making good faith efforts to comply. ECF No. 32 at 2. Yet, *pro se* plaintiffs are still bound by the rules of procedure. *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995). A good faith effort does not satisfy the good cause requirement when Plaintiffs must comply with the Federal Rules of Civil Procedure. Still to this day, Plaintiffs have failed to show proper service upon Defendants.

Accordingly, the Court denies Plaintiffs' Motion to Reconsider (ECF No. 32), as Plaintiffs did not properly serve Defendants nor have they shown good cause for their failure to timely perfect service.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

Plaintiffs' Motion to Reconsider (ECF No. 32) is **DENIED**.

The District Court Executive is directed to enter this Order and furnish copies to Plaintiffs.

**DATED** January 30, 2018.



THOMAS O. RICE
Chief United States District Judge